### TIFFANY v. UNITED STATES.

(Circuit Court, S. D. New York. May 3, 1896.)

#### No. 2,191.

CUSTOMS DUTIES—CLASSIFICATION—BRONZE ORNAMENTS—COMPOSITION METAL.
    Bronze ornaments, being manufactured articles and advanced beyond the condition of the "old copper," "clipping," and "composition metal," enumerated in paragraph 452, Free List, § 2, c. 349, Tariff Act Aug. 27, 1894, 28 Stat. 539, are not subject to that provision, but are dutiable as manufactures of metal under paragraph 177, Schedule C, § 1, 28 Stat. 520.

On Application for Review of a Decision of the Board of United States General Appraisers.

For decision below, see G. A. 2,995 (T. D. 15,971), in which the Board of General Appraisers affirmed the assessment of duty by the collector of customs on merchandise imported at the port of New York by Charles L. Tiffany.

Henry W. Rudd, for importer.
Henry C. Platt, Asst. U. S. Atty.

TOWNSEND, District Judge. The articles in question comprise a pair of bronze candelabra and a bronze statue, classified for duty as "manufactures of metal" under paragraph 177, schedule C, § 1, c. 349, Tariff Act Aug. 27, 1894, 28 Stat. 520. The importer protested, claiming that the articles are free of duty under paragraph 452, Free List, § 2, of said act (28 Stat. 539), which is as follows:

"452. Old copper, fit only for manufacture, clipping from new copper, and all composition metal of which copper is the component material of chief value, not specially provided for in this act."

It is unnecessary to consider the elaborate argument of counsel for the importer in support of this highly technical claim. It seems clear from the evidence herein, from the decided cases, from long established usage under prior acts containing similar provision, and from an examination of paragraph 452 of said act, that it was not intended to cover, and did not in fact cover, these bronze ornaments. If every other contention were resolved in favor of the importer, the fact that these are manufactured articles composed of metal, and therefore advanced beyond the "old copper," "clippings," and "composition metal," not specially provided for, would seem to be sufficient to show that they were specially provided for and properly classified for duty under the provisions of paragraph 177 of said act as manufactured articles composed wholly or in part of any metal.

The decision of the Board of General Appraisers is affirmed.